Richard D. INGRAM, Appellant
(Defendant),

v.

STATE of Indiana, Appellee (Plaintiff).

No. 49S00–9710–CR–544.

Supreme Court of Indiana.

Oct. 8, 1999.

Walter E. Bravard, Jr., Indianapolis, IN, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SELBY, J.

In June 1997, a jury found Richard D. Ingram (Defendant) guilty of criminal deviate conduct,[1] sexual battery,[2] and criminal confinement.[3] The jury also found Defendant to be a habitual offender. In August 1997, the trial court sentenced Defendant to forty-four years for criminal deviate conduct, seven years for sexual battery, and three years for criminal confinement, to be served consecutively. The court enhanced the criminal deviate conduct sentence by thirty years based on the jury's finding that Defendant was a habitual offender. Defendant raises two issues on appeal. The first issue is whether Defendant can be lawfully convicted of and sentenced for criminal confinement, in addition to criminal deviate conduct and sexual battery. The second issue is whether sufficient evidence supports his convictions. We affirm the trial court.

## FACTS

The facts most favorable to the State are as follows. On January 26, 1996, Christine Head worked for Pizza Hut as a delivery driver. After Head made her first delivery, Defendant approached her as she returned to her car. Kitty Minardo, from an upstairs window, watched Defendant advance toward Head. Minardo, believing that the encounter was unfriendly, shouted from the window, "Do you know him?" (R. at 257–58.) After Minardo asked again, Defendant commanded Head to say that she knew him and, after some hesitation, Head replied, "Yeah, I know him." (R. at 212.)

Defendant told Head that he had a gun and ordered her into her car. Defendant climbed into the back seat directly behind the driver's seat. As Head entered the car, Defendant jabbed his index and middle fingers into her side as if his fingers represented a gun. Concerned, Minardo called Pizza Hut to alert Head's manager.

Head drove for approximately ten minutes when Defendant demanded that she pull over so that he could drive. Thereafter, Defendant drove up to and purchased crack cocaine from a man walking on the street. He then parked in a nearby alley, expressed his fantasies about having sexual experiences with a white woman, and repeatedly commented about Head's breasts. Defendant demanded that Head remove her shirt and bra as he smoked the crack cocaine and then fondled her breasts. Next, Defendant commanded that Head remove her left pants leg and threatened to rape her if she did not comply. He placed his lips on Head's vagina for two or three minutes. He also made Head touch his penis and he inserted his finger into her vagina. After Defendant had consumed his supply of cocaine, he instructed Head to dress and drove out of the alley.

Defendant purchased more crack cocaine and drove to another or the same alley. He repeated his fantasies and forced Head to remove her shirt and bra for the second time. Defendant told her that he wished to see her backside so Head partially removed her pants and exposed her buttocks. Defendant then inserted his finger into her vagina, demanded that she touch his penis, and forced his tongue in her mouth while kissing her. At this point, Head became hysterical. In an

1. Ind.Code § 35–42–4–2 (1993).

2. Ind.Code § 35–42–4–8 (1993).

3. Ind.Code § 35–42–3–3 (1998).

effort to regain control, Defendant returned her keys as a gesture of his intention to eventually let her go. Head requested Defendant's permission to step outside the car to go to the bathroom and Defendant consented. Once outside of the car, Head pressed the panic button on her key chain and ran to police parked at a nearby street corner.

## DISCUSSION

Defendant claims that his conviction for criminal confinement, in addition to criminal deviate conduct and sexual battery, violates the included offense statute, Indiana Code § 35–38–1–6 (1998).[4]

Defendant alleges that criminal confinement is an included offense of both criminal deviate conduct and sexual battery. Therefore, he argues, the trial court violated Indiana Code § 35–38–1–6 (1998), which states that "[w]henever: (1) a defendant is charged with an offense and an included offense in separate counts; and (2) the defendant is found guilty of both counts; judgment and sentence may not be entered against the defendant for the included offense." Included offense is defined, in relevant part, as "an offense that (1) is established by proof of the same material elements or less than all material elements required to establish the commission of the offense charged . . . ." Ind.Code § 35–41–1–16 (1998).

■ If each offense is established by proof of an element not contained in the other, Indiana Code § 35–38–1–6 does not preclude conviction and sentence for both offenses. *See Wright v. State,* 690 N.E.2d 1098, 1108 (Ind.1997). If Defendant confined Head by force or threat of force solely to effectuate the crimes of criminal deviate conduct and sexual battery, then, Defendant's criminal confinement convic-

tion violates Indiana Code § 35–38–1–6 (1998). *Cf. Goudy v. State,* 689 N.E.2d 686, 697–98 (Ind.1997) (vacating attempted carjacking conviction since both the attempted carjacking and attempted robbery charges required proof of taking the same automobile). If, on the other hand, Defendant confined or removed Head by force or threat of force beyond that necessary to effectuate the crimes of criminal deviate conduct and sexual battery, his criminal confinement conviction is independent of the other crimes and is not an included offense. *See Webster v. State,* 628 N.E.2d 1212, 1214 (Ind.1994) (sustaining criminal confinement conviction because confinement extended beyond that necessary to effectuate the attempted rape).

■ Defendant alleges that the criminal confinement was only that necessary to effectuate the criminal deviate conduct and sexual battery. The facts in this case, however, demonstrate otherwise. Defendant criminally confined Head by threat of force beyond that necessary to commit criminal deviate conduct and sexual battery. Defendant not only confined Head in her car to commit criminal deviate conduct when parked in the alleys, but also removed Head by threat of force from Minardo's house to the alley, out of the alley to purchase additional crack cocaine, and back to another or the same alley. He also took her car keys from her. We find no included offense violation.

■ Defendant also claims that the evidence presented at trial is insufficient to sustain his convictions. He alleges that the trial court improperly admitted in-court and out-of-court identification evidence at trial, and that without this evidence, the remaining evidence is insufficient to sustain his convictions.[5] On

---

**4.** Defendant does not claim that his convictions for both criminal deviate conduct and sexual battery violate the prohibition against double jeopardy or the lesser included offense statute. Because Defendant has not raised this argument in accordance with Ind. Appel-

late Rule 8.3(A)(7), we do not consider it, and Defendant has waived it.

**5.** Defendant essentially argues that Head should not have been permitted to testify to her out-of-court identification and to identify

review, we find no error and find sufficient evidence to sustain his convictions.

■ When a party raises a sufficiency of the evidence challenge, we do not reweigh evidence or assess the credibility of witnesses. *See Bennett v. State,* 705 N.E.2d 176, 178 (Ind.1998) (citations omitted). We will affirm the trial court's decision if, after considering all reasonable inferences and evidence supporting the verdict, we find substantial evidence of probative value to support the judgment. *See id.*

■ In this case, Defendant was convicted of criminal deviate conduct, sexual battery, and criminal confinement. To prove criminal deviate conduct, the State must show that a defendant "knowingly or intentionally cause[d] another person to perform or submit to deviate sexual conduct when: (1) the other person [was] compelled by force or imminent threat of force ...." Ind.Code § 35–42–4–2. This offense is enhanced to a Class A felony "if it is committed by using or threatening the use of deadly force, if it is committed while armed with a deadly weapon, or if it results in bodily injury to any person other than a defendant." *Id.* In this case, Defendant, while pretending to be carrying a gun, threatened to kill and rape Head if she did not submit to his several touchings to the breasts, vagina, and mouth. Defendant also forced Head to touch his penis. This evidence is clearly sufficient to sustain his conviction for criminal deviate conduct.

■ To prove sexual battery, the State must demonstrate that Defendant, "with intent to arouse or satisfy [his] own sexual desires or the sexual desires of another person, touche[d] another person when that person [was]: (1) compelled to submit to the touching by force or the imminent

threat of force ...." Ind.Code § 35–42–4–8. This offense is elevated to a Class C felony "if it is committed by using or threatening the use of deadly force or while armed with a deadly weapon." Ind. Code § 35–42–4–8. Again, under the pretenses that he carried a gun, Defendant forced Head to submit to and perform sexual acts to satisfy his own sexual desires. He also detailed his fantasies about having sexual relations with a white woman. This evidence is sufficient to sustain his conviction for sexual battery.

■ Finally, to prove criminal confinement, the State must establish that defendant "knowingly or intentionally: (1) confine[d] another person without the other person's consent; or (2) remove[d] another person, by fraud, enticement, force, or threat of force, from one (1) place to another." Ind.Code § 35–42–3–3. In this case, Defendant told Head that he carried a gun and ordered her into her car against her will. He then forced her to drive until he took control of the car. Defendant drove Head to an alley, smoked crack cocaine, and then drove out of the alley to buy more crack cocaine. After he had bought more cocaine, he drove Head to another or the same alley. Through the threat of force, Defendant confined Head to the car until her escape. We find sufficient evidence to support his conviction for criminal confinement.

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN, and BOEHM, JJ., concur.

him again in court because the out-of-court identification procedures were so unnecessarily suggestive that he was denied due process of law. Defendant may not raise these issues here when he filed no motion to suppress this evidence and lodged no objection at trial to preserve the error for appeal. *See Hollins v.*

*State,* 679 N.E.2d 1305, 1306 (Ind.1997); *Madden v. State,* 549 N.E.2d 1030, 1032 (Ind. 1990); *Helton v. State,* 539 N.E.2d 956, 957 (Ind.1989). We will not address the issue whether Head's out-of-court and in-court identifications were properly admitted into evidence because the issue is waived.