**Jeremy BUSH, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 69A01–0201–CR–22.

Court of Appeals of Indiana.

Aug. 12, 2002.

Ross G. Thomas, Dillon Law Office, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cecelia K. Hemphill, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Jeremy Bush appeals his convictions for dealing in a schedule II controlled substance, a class B felony, and possession of reagents or precursors with the intent to manufacture methamphetamine, a class D felony. We affirm in part and reverse in part.

### Issues

The issue Bush raises on appeal is whether there is sufficient evidence to support each of his convictions. We address sua sponte, however, whether Bush's conviction for possession of reagents or precursors with intent to manufacture methamphetamine is a lesser included offense of dealing in methamphetamine by manufacturing it.

### Facts

The facts most favorable to the judgment are that on June 27, 2000, Indiana State Police Officer Grant Martin obtained a search warrant for Bush's residence to search for evidence of marijuana. Inside the residence, Martin found items associated with the manufacturing of methamphetamine. Martin obtained a second search warrant, pursuant to which the Indiana State Police clandestine lab team searched the residence.

Based on the evidence discovered during the search, the State charged Bush with

four counts relating to possession and possession with the intent to deliver controlled substances. The State ultimately dismissed two counts and amended the remaining two, which charged Bush with dealing in a controlled substance and possession of precursors. After a jury trial, Bush was convicted as charged.

## Analysis

### I. Dealing in a Schedule II Controlled Substance

 When reviewing a claim of insufficient evidence, we consider only evidence that supports the verdict, and draw all reasonable inferences therefrom. *Warren v. State*, 725 N.E.2d 828, 834 (Ind.2000). We neither reweigh the evidence nor judge the credibility of witnesses. *Id.* We uphold a conviction if there is substantial evidence of probative value from which a jury could have found the defendant guilty beyond a reasonable doubt. *Id.* Circumstantial evidence alone is sufficient to sustain a conviction. *Id.*

 Indiana Code Section 35–48–4–2(a)(1) provides that a person is guilty of dealing in a schedule II controlled substance if he knowingly or intentionally manufactures methamphetamine. Bush's argument is based on the fact that the police found no methamphetamine at the scene and no evidence was found directly establishing that methamphetamine had been manufactured at the scene. He maintains that without "proof that the controlled substance methamphetamine had in fact been produced, the evidence was insufficient to sustain the conviction...." Appellant's Br. p. 7. He contends that the proper charge would have been attempt to manufacture.

The police found several items used in the manufacture of methamphetamine, including a can of denatured alcohol, a coffee grinder with white residue in it, empty containers of tincture of iodine and hydrogen peroxide, bottles of mini-thins that contain pseudoephedrine, and a turkey baster. The police also recovered two jars of liquids, both of which contained ephedrine or pseudoephedrine. A forensic scientist with the Indiana State Police testified that the only use for soaking pseudoephedrine pills in alcohol is the manufacture of methamphetamine. The police also found two boxes of nasal decongestants, which held plastic bags of white powder; these also contained ephedrine or pseudoephedrine. In a burn pile in the yard, the police recovered numerous burnt blister packs with pseudoephedrine writing. The police also recovered a notebook containing instructions for extracting pseudoephedrine from mini-thin tablets and purified iodine crystals using tincture of iodine and hydrogen peroxide.

The State's expert testified that this was an "in process lab," meaning that the process of making methamphetamine had begun, but had not been completed. App. pp. 15, 16, 18. Bush admits the State presented "evidence that items found at the scene could be used to make methamphetamine and that some of the steps which could be taken to manufacture methamphetamine were in progress at the scene." Appellant's Br. p. 7.

 The evidence presented by the State is sufficient to establish that he was in the process of manufacturing methamphetamine. Indiana Code Section 35–48–1–18 defines "manufacture" as:

> the production, preparation, propagation, compounding, conversion, or processing of a controlled substance, either directly or indirectly by extraction from substances of natural origin, independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the sub-

stance or labeling or relabeling of its container.

Clearly, there was evidence that Bush was producing, preparing, and processing methamphetamine, all of which are encompassed in the definition of "manufacture." The statute does not state that the process must be completed or that there must actually be a final product before it applies. When interpreting a statute, we independently review the statute's meaning and apply it to the facts of the case under review. *Bolin v. Wingert*, 764 N.E.2d 201, 204 (Ind.2002). If a statute is unambiguous, that is, susceptible to but one meaning, we must give the statute its clear and plain meaning. *Id.* We presume the legislature intended logical application of the language used in the statute, so as to avoid unjust or absurd results. *Id.*

Common sense dictates that we reach this conclusion to avoid an absurd result. We refer to a plant that makes widgets as a widget manufacturing plant because it is engaged in the process of making them. A person visiting a plant that contains the necessary parts and instructions for making widgets could reasonably conclude that he is visiting a plant that "manufactures" widgets, even if he never actually sees a completed widget. Likewise, a reasonable juror in this case could certainly conclude that Bush manufactured methamphetamine based upon the circumstantial evidence of its production. In fact, there was no other reasonable explanation for the evidence found at the house other than that he was in the process of making methamphetamine. Bush does not deny that. Thus, with these facts, we conclude that there was more than sufficient evidence to establish Bush was in the process of manufacturing methamphetamine, which is proscribed by Indiana Code Sections 35–48–4–2(a) and 35–48–1–18.

## II. Possession of Reagents or Precursors

■ Bush next challenges the sufficiency of the evidence supporting his conviction for possession of reagents or precursors with the intent to manufacture methamphetamine. We conclude sua sponte, however, that this offense is necessarily included in Bush's conviction for dealing in methamphetamine by manufacturing it and reverse the possession of precursors conviction on that basis.

Today, we also decide *Iddings v. State*, 772 N.E.2d 1006, No. 06A04–0107–CR–286 (Ind.Ct.App. August 12, 2002), in which we state as follows:

Indiana Code Section 35–38–1–6 provides that if a defendant is charged with an offense and an included offense in separate counts and is found guilty of both counts, "judgment and sentence may not be entered against the defendant for the included offense." Indiana Code Section 35–41–1–16 states:

'Included offense' means an offense that:

(1) is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged;

(2) consists of an attempt to commit the offense charged or an offense otherwise included therein; or

(3) differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser kind of culpability, is required to establish its commission.

A lesser included offense is necessarily included within the greater offense if it is impossible to commit the greater offense without first having committed the

lesser. *Zachary v. State*, 469 N.E.2d 744, 749 (Ind.1984).

.... Indiana Code Section 35–48–4–2(a)(1)(A) provides that a person who knowingly or intentionally manufactures a schedule II controlled substance, which includes methamphetamine, commits dealing in a schedule II controlled substance, a Class B felony. Indiana Code Section 35–48–4–14.5(b) provides that a person who possesses two or more chemical reagents or precursors with the intent to manufacture methamphetamine commits a Class D felony. We accept that it is impossible to knowingly or intentionally manufacture methamphetamine without first possessing the chemical precursors of methamphetamine with the intent to make the drug. Methamphetamine cannot be conjured up out of thin air. The sole practical difference between these two offenses is that one may be guilty of possessing chemical precursors with intent to manufacture without actually beginning the manufacturing process, whereas the manufacturing process must, at the very least, have been started by a defendant in order to be found guilty of manufacturing methamphetamine.

.... "If each offense is established by proof of an element not contained in the other, Indiana Code Section 35–38–1–6 does not preclude conviction and sentence for both offenses." *Ingram v. State*, 718 N.E.2d 379, 381 (Ind.1999). If the evidence indicates that one crime is independent of another crime, it is not an included offense. *See id.* (declining to hold defendant's criminal confinement conviction was lesser included offense of criminal deviate conduct and sexual battery where force or threat of force went beyond that necessary to effectuate those offenses). Section 35–38–1–6 only precludes convictions on multiple counts where those counts had identical ele-

ments of proof. *See Goudy v. State*, 689 N.E.2d 686, 698 (Ind.1997) (vacating attempted carjacking conviction as lesser included offense of attempted robbery but emphasizing that it was necessary to do so only because both offenses involved the attempted taking of the same motor vehicle). Thus, whether an offense is included in another within the meaning of Section 35–38–1–6 requires careful examination of the facts and circumstances of each particular case.

772 N.E.2d at 1016–17.

In *Iddings*, we hold the defendant's conviction for possessing the precursors of methamphetamine was not included within his conviction for manufacturing methamphetamine because the evidence recovered by the police revealed that two independent offenses had been committed: (1) the defendant had already completed manufacturing some methamphetamine and (2) he possessed precursors with intent to make more of the drug. 772 N.E.2d at 1017–18. In the present case, Bush's conviction for manufacturing methamphetamine was based exclusively on his possession of the precursors of that drug in circumstances suggesting that he was in the process of manufacturing it. In contrast to *Iddings*, there was no direct evidence recovered that Bush had yet succeeded in completing a "batch" of the drug. We cannot escape the conclusion, under these facts and circumstances, that the same evidence establishing Bush was knowingly or intentionally manufacturing methamphetamine also establishes that he possessed methamphetamine precursors with the intent to manufacture the drug, and vice versa. It is impossible to fairly state that the manufacturing and possession of precursors offenses in this case were clearly independent of each other, as was the case in *Iddings*. Although the fact that police did not recover any completed methamphet-

amine from Bush's residence does not preclude his conviction for manufacturing the drug, we hold that such circumstance does preclude his additional conviction for possessing methamphetamine precursors with intent to manufacture. Bush's conviction for possessing precursors of methamphetamine must be reversed, in accordance with Indiana Code Section 35–38–1–6.

### Conclusion

The evidence is sufficient to support Bush's conviction for dealing in methamphetamine by manufacturing it. Under the particular facts and circumstances of this case, however, Bush's conviction for possessing precursors of methamphetamine is included within his conviction for manufacturing and must be reversed. We affirm Bush's conviction for dealing in a schedule II controlled substance and reverse his conviction for possessing reagents or precursors.

Affirmed in part and reversed in part.

KIRSCH, J., and MATHIAS, J., concur.