**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**BRENT WESTERFELD**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana



FILED
Mar 12 2013, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KENNETH D. HELTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 47A01-1205-CR-200 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAWRENCE CIRCUIT COURT
The Honorable Andrea K. McCord, Judge
Cause No. 47C01-1003-FB-305

**March 12, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Kenneth Helton ("Helton") appeals his convictions for Class B felony dealing in methamphetamine,[1] Class D felony possession of marijuana,[2] and Class D felony maintaining a common nuisance.[3] Helton also asserts that the trial court erred in sentencing him separately for being an habitual substance offender.[4]

We affirm and remand.

## ISSUES

1. Whether sufficient evidence supports Helton's convictions.

2. Whether Helton's sentence as an habitual substance offender is erroneous.

## FACTS

On March 24, 2010, officers with the Bedford Drug Task Force ("BDTF") conducted a controlled purchase of methamphetamine at 1511 Third Street in Bedford, Indiana. Officers sent a confidential informant into the house with $60.00 of marked "buy" money. The confidential informant returned to the officers with a substance that field-tested positive for methamphetamine. BDTF officers used the controlled buy to obtain a search warrant for the house and garage, and they served the search warrant later the same evening.

---

[1] Ind. Code § 35-48-4-1.1.

[2] I.C. § 35-48-4-11.

[3] I.C. § 35-48-4-13.

[4] I.C. § 35-50-2-10.

After making entry, Officer Joseph DeWees ("Officer DeWees") encountered Helton in a bedroom sitting on a bed. Officer DeWees saw Helton reaching underneath the bed and ordered him several times to raise his hands. Helton eventually complied, and other officers secured the rest of the house. Officers found Helton's son, Brian Helton, and nephew, Dusty Phgley, in the living room. Helton's wife, Starr Helton, was found in the area of the kitchen hiding underneath a clothes basket. Once in handcuffs, Helton told officers he had methamphetamine in his pocket. There was no methamphetamine, but officers found $68, of which $40 were marked bills provided to the confidential informant for the controlled purchase performed earlier.

On the bed where Helton was sitting, officers found six empty packs of Sudafed banded to a package of lithium ion batteries, scissors, cigarette rolling papers, and cut corners from plastic sandwich bags ("baggies"). Also in the bedroom were plastic bottles, ammonia, plastic tubing, and wet coffee filters. The plastic bottles and two baggies contained a white residue that field-tested positive for methamphetamine. The wet coffee filters also field-tested positive for methamphetamine; its presence was later confirmed through laboratory testing. A large plastic bag containing approximately one hundred forty-three (143) grams of suspected marijuana was found in a dresser next to the bed. Finally, a can of "Liquid Fire," which contains sulfuric acid, was found in the garage.

After being advised of his *Miranda* rights, Helton confessed to making and selling methamphetamine. He also told the officers that his son, wife, and nephew had nothing to do with the drugs in the house.

On March 26, 2010, the State charged Helton with dealing in methamphetamine, a Class B felony. Helton was also charged with possession of marijuana, illegal possession of anhydrous ammonia or ammonia solution, and maintaining a common nuisance, all as Class D felonies. The State also alleged that Helton was an habitual substance offender. A jury trial was held on December 13, 2011. Helton was convicted of dealing in methamphetamine, possession of marijuana, and maintaining a common nuisance. Helton admitted to being an habitual substance offender.

On April 4, 2012, the trial court sentenced Helton to fifteen (15) years for dealing in methamphetamine, three (3) years for possession of marijuana and three (3) years for maintaining a common nuisance. These convictions were ordered to be served concurrently. The court then imposed a separate consecutive eight (8) year sentence for being an habitual substance offender. All time was ordered to be served in the Department of Correction.

DECISION

1. **Sufficiency of the Evidence**

Helton argues the evidence is insufficient to sustain his convictions. "When reviewing a claim of insufficient evidence, we consider only evidence that supports the verdict, and draw all reasonable inferences therefrom." *Bush v. State*, 772 N.E.2d 1020, 1022 (Ind. Ct. App. 2002), *trans. denied.* "We neither reweigh the evidence nor judge the credibility of witnesses." *Id.* "We uphold a conviction if there is substantial evidence of probative value from which a jury could have found the defendant guilty beyond a

4

reasonable doubt." *Id.* "Circumstantial evidence alone is sufficient to sustain a conviction." *Id.* We will address Helton's convictions separately.

### a. Dealing in Methamphetamine

A person commits Class B felony dealing in methamphetamine if he knowingly or intentionally manufactures, finances the manufacture of, delivers, or finances the delivery of methamphetamine, pure or adulterated, or possesses methamphetamine with the intent to do the same. I.C. § 35-48-4-1.1. A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so. I.C. § 35-41-2-2(b). Indiana Code § 35-48-1-18(1) defines "manufacture" as:

> the production, preparation, propagation, compounding, conversion, or processing of a controlled substance, either directly or indirectly by extraction from substances of natural origin, independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling or relabeling of its container.

In this case, Helton asserts there is no evidence from which the inference may be drawn that he manufactured methamphetamine. We disagree. The police seized the following items commonly associated with manufacturing methamphetamine: empty Sudafed packets; lithium batteries; plastic bottles; ammonia; a container of "Liquid Fire," which contains sulfuric acid; plastic tubing; a digital scale; plastic baggies with torn corners; and wet coffee filters. The wet coffee filters, plastic bottles, and two baggies tested positive for methamphetamine. Moreover, the State's expert testified that the saturation of the filters indicated recent processing of methamphetamine. When police entered the home, Helton was found in the bedroom containing most of these items.

5

Finally, Helton gave a lengthy confession taking responsibility for everything found in the house. This evidence is sufficient for the jury to infer that Helton manufactured methamphetamine. *See Bush*, 772 N.E.2d at 1023. Helton attempts to rebut this evidence on appeal by maintaining the house belonged to his son and that Helton lied to the police. Helton essentially asks that we reweigh the evidence, which we will not do. *Wright v. State*, 828 N.E.2d 904, 906 (Ind. 2005).

b. *Maintaining a Common Nuisance*

Helton next claims that the evidence was insufficient to find him guilty of maintaining a common nuisance. Helton does not dispute that the house where he was found was used to keep methamphetamine. Instead, Helton argues that the State failed to prove beyond a reasonable doubt that he "maintained" the house containing the drugs and other contraband.

In order for the State to convict Helton of maintaining a common nuisance, they had to show that he knowingly or intentionally maintained a building or structure, that was used one (1) or more times to unlawfully keep methamphetamine. I.C. § 35-48-4-13.

We have previously stated that proof establishing whether a person "maintains" a building or structure for the purposes of maintaining a common nuisance is similar to proving constructive possession. *Jones v. State*, 807 N.E.2d 58, 67 (Ind. Ct. App. 2004), *trans*. *denied*. "A person constructively possesses contraband when the person has (1) the capability to maintain dominion and control over the item; and (2) the intent to maintain dominion and control over it." *Gary v State*, 957 N.E.2d 171, 174 (Ind. 2011). Accordingly, to prove Helton maintained control over the house on 1511 Third Street, the

6

State had to show he had the intent and capability to do so. The State is not required to prove Helton owned the house. *See Jones*, 807 N.E.2d at 66. "The defendant must exert control over the premises." *Id.* at 67.

Helton was found in the bedroom with methamphetamine and the items for its manufacture. Helton requested that one of the officers call his landlord using his cellphone. Helton complained that the temporary cuffs placed on his wrist were tight and told officers where they could find wire cutters to free him. Helton even goes as far as to claim the dog outside of the house as his own, yet argues on appeal that his presence was simply happenstance. Again, we find that there was sufficient evidence from which the jury could infer that Helton had the intent and capability to maintain control over the house.

c. *Possession of Marijuana*

Finally, Helton argues that the State failed to prove he possessed the marijuana. A person commits Class D felony possession of marijuana if he knowingly possesses (pure or adulterated) marijuana in an amount greater than thirty (30) grams. I.C. § 35-48-4-11. "In the absence of actual possession of drugs, our [Supreme Court] has consistently held that 'constructive' possession may support a conviction for a drug offense." *Lampkins v. State*, 685 N.E.2d 698, 699 (Ind. 1997). Again, "a person constructively possesses contraband when the person has (1) the capability to maintain dominion and control over the item; and (2) the intent to maintain dominion and control over" the contraband. *Gary*, 957 N.E.2d at 174. The defendant must be aware of the contraband's presence for the intent element to be satisfied. *Goliday v. State*, 708 N.E.2d 4, 6 (Ind. 1999). Where

7

control of the premises is non-exclusive, there must be evidence of additional circumstances indicating the defendant's knowledge of the contraband. *Id*. Examples of recognized "additional circumstances" include: (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the defendant to the contraband; (5) contraband is in plain view; and (6) location of the contraband is in close proximity to items owned by the defendant. *Person v. State*, 661 N.E.2d 587, 590 (Ind. Ct. App. 1996), *trans. denied*.

Here, the marijuana was found in a dresser located next to the bed Helton was sitting on as officers searched the house. And, not to belabor the point, Helton confessed to possessing all of the drugs located in the house. In sum, we conclude there was sufficient evidence to sustain all of Helton's convictions.

## *2.* **Habitual Substance Offender Sentence**

Helton claims, and the State concedes, that the trial court erred by separately sentencing him for being an habitual substance offender. A defendant who is convicted of a substance offense and has two (2) prior unrelated substance offense convictions may be sentenced as an habitual substance offender. I.C. § 35-50-2-10. An habitual substance offender shall be sentenced to an "additional fixed term of at least three (3) years but not more than eight (8) years imprisonment, to be added to the term of imprisonment imposed under IC 35-50-2 or IC 35-50-3." *Id*. "A[n] habitual substance offender finding is not a separate crime but an enhancement of the sentence for the underlying crime to which it is attached. *Bauer v. State*, 875 N.E.2d 744, 747 (Ind. Ct. App. 2007), *trans. denied*.

The trial court ordered Helton to serve an additional eight (8) years consecutive to his convictions for dealing in methamphetamine, maintaining a common nuisance, and possession of marijuana. Instead, the trial court should have enhanced one of the convictions by eight (8) years. Therefore, we find that the trial court erred in sentencing Helton in this fashion. We leave Helton's aggregate sentence of twenty-three (23) years in place but remand and instruct the trial court to enhance his dealing in methamphetamine conviction by eight (8) years instead of sentencing him separately for being an habitual substance offender.

Affirmed and remanded

ROBB, CJ, and MAY, J, Concur.