## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 23 2016, 8:53 am

*Kevin S Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Darren Bedwell
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Justin Corbin,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 23, 2016

Court of Appeals Case No.
49A02-1508-CR-1209

Appeal from the Marion Superior Court

The Honorable Daniel L. Pflum, Senior Judge

Trial Court Cause No.
49G20-1211-FA-78169

**Najam, Judge.**

## Statement of the Case

Justin Corbin appeals his conviction and sentence for possession of heroin, as a Class C felony, following a guilty plea. Corbin raises a single issue for our review, namely, whether the trial court violated Corbin's right to be free from double jeopardy when it entered its judgment of conviction against Corbin for possession of heroin. We affirm.

## Facts and Procedural History

On November 16, 2012, the State charged Corbin with two counts. Count I alleged that Corbin had, on November 15, knowingly possessed heroin with intent to deliver, as a Class A felony. Count II alleged that, on the same day, Corbin had knowingly possessed heroin.

The trial court scheduled Corbin's jury trial for November 13, 2014. After the jury had been empaneled but before the presentation of evidence, Corbin pleaded guilty to both Count I and Count II in open court and without the benefit of a plea agreement. Thereafter, the State informed the trial court as follows:

> If this case had gone to trial, Judge, the State would have shown that[,] on November 15, 2012[,] in the afternoon, a 2004 Toyota was stopped . . . for a traffic offense. Driving that vehicle was . . . Corbin. It was discovered that his driving privileges were suspended. He was placed under arrest. At this time there was a K-9 sniff of his vehicle . . . which . . . indicated . . . positive . . . . The vehicle was searched and nothing was found.

The officer that was involved with the traffic stop suspected Mr. Corbin may have narcotics on him by the way he was acting. He was taken to roll call . . . where he was searched, and actually he recovered it himself and gave approximately 14 grams of heroin that was in his buttocks area to Sergeant Scott Primer. He then gave a brief interview to Sergeant Primer in which he admitted that he put the heroin on his body as he was being pulled over and that he intended to deal that heroin at various locations to various different people. He then gave consent to search a residen[ce] . . . where he lives with his girlfriend . . . . An[] additional approximately 11 grams of heroin was found there with two razor blades[;] several were individually packaged in small portions of heroin. There w[ere] also two razor blades and a marijuana pipe was also found at that residence.

That constitutes dealing in a narcotic drug as a Class A Felony [as alleged in Count I] and possession of a narcotic drug as a Class C Felony [as alleged in Count II].

Tr. at 10-11. Corbin agreed with the State's assertions, and the court accepted Corbin's guilty plea. The court then entered its judgment of conviction against Corbin on both Count I and Count II and sentenced Corbin accordingly. This appeal ensued.

# Discussion and Decision

[4] Corbin asserts that the entry of the judgment of conviction against him on Count II violated his right to be free from double jeopardy because, according to Corbin, Count II was an inherently lesser included offense to Count I. Entry of conviction for both an offense and its lesser-included offenses "is impermissible under both state and federal double jeopardy rules." *Wentz v.*

*State*, 766 N.E.2d 351, 359-60 (Ind. 2002). An offense is an inherently lesser included offense when it may be established by proof of the same material elements or less than all the material elements that define the "greater" crime charged. *Smith v. State*, 881 N.E.2d 1040, 1046 (Ind. Ct. App. 2008). Stated another way, an offense is an inherently lesser included offense "if it is impossible to commit the greater offense without first having committed the lesser." *Bush v. State*, 772 N.E.2d 1020, 1023-24 (Ind. Ct. App. 2002) (citing *Zachary v. State*, 469 N.E.2d 744, 749 (Ind. 1984)), *trans. denied*. Of course, "if the evidence indicates that one crime is independent of another crime, it is not an included offense." *Wilhelmus v. State*, 824 N.E.2d 405, 416 (Ind. Ct. App. 2005) (citing *Ingram v. State*, 718 N.E.2d 379 N.E.2d 381 (Ind. 1999)). Thus, whether an offense is included in another "requires careful examination of the facts and circumstances of each particular case." *Iddings v. State*, 772 N.E.2d 1006, 1017 (Ind. Ct. App. 2002), *trans. denied*.

[5]    We initially note that the State asserts that Corbin has waived his argument on appeal by pleading guilty in the trial court. In particular, the State relies on *Mapp v. State*, 770 N.E.2d 332, 334-35 (Ind. 2002), in which the Indiana Supreme Court stated that, generally, "[d]efendants waive a whole panoply of rights by voluntarily pleading guilty," including "the right to attack collaterally one's plea based on double jeopardy." However, this court has repeatedly recognized that, "[w]hen a defendant pleads guilty without the benefit of a plea bargain," as Corbin did, "there is no waiver." *Kunberger v. State*, ___ N.E.3d ___, No. 02A03-1505-CR-304, 2015 WL 7753077, at *3 (Ind. Ct. App. Dec. 2,

2015) (collecting cases). Accordingly, we reject the State's argument that Corbin has waived his claim of error on appeal.

[6] Turning to the merits of Corbin's appeal, we cannot agree with his assertion that Count II was an inherently lesser included offense to Count I. As demonstrated by the factual basis presented to the trial court, had Corbin gone to trial the State would have presented evidence that showed two offenses. In particular, the State would have demonstrated that Corbin possessed heroin on his person at the time of his arrest that he "intended to deal . . . at various locations to various different people." Tr. at 11. Those facts were the basis for Count I. The State then separately would have demonstrated that Corbin possessed an "additional approximately 11 grams of heroin" at his residence. *Id.* That fact formed the basis for Count II. Hence, the evidence demonstrated that Count II was independent of Count I; that is, Corbin separately committed dealing, as alleged in Count I, and possession, as alleged in Count II. Thus, Count II is not an included offense of Count I. *See Wilhelmus*, 824 N.E.2d at 416; *Iddings*, 772 N.E.2d at 1017-18. We affirm Corbin's conviction for Count II.

[7] Affirmed.

Riley, J., and May, J., concur.