Scott D. MOORE, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 26A01–0701–CR–37.

Court of Appeals of Indiana.

July 10, 2007.

Michael R. Cochren, Princeton, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Scott D. Moore (Moore), appeals his conviction for Count I, dealing in a controlled substance (methamphetamine), a Class B felony, Ind.Code § 35–48–4–2; Count II, possession of anhydrous ammonia, a Class D felony, I.C. § 35–48–4–14.5; and Count III, possession of chemical reagents or precursors, a Class D felony, I.C. § 35–48–4–14.5.

We affirm in part, reverse in part, and remand with instructions.

### ISSUES

Moore raises three issues on appeal, which we restate as:

(1) Whether the trial court abused its discretion in denying Moore's Motion to Correct Error;

(2) Whether the State presented sufficient evidence to sustain his conviction for manufacturing methamphetamine; and

(3) Whether Moore's convictions violate Indiana's prohibition against double jeopardy.

## FACTS AND PROCEDURAL HISTORY

On July 22, 2006, William Cashin (Cashin) came to Moore's trailer in Princeton, Indiana. Cashin then drove Moore to Miles Farm Center (the Center). Moore entered the Center and returned to Cashin's vehicle with a pitcher containing a fuming substance with a strong odor. As the two drove away, Sergeant Jerry Clark (Sergeant Clark) of the Princeton Police Department noticed the vehicle and began to follow Cashin and Moore. Cashin sped up and ran through a stop sign, while Moore threw the pitcher containing the fuming, odorous substance out of the vehicle's window. Sergeant Clark followed the two men to Moore's trailer. Moore started to run away, but reserve police officer, Jason Swan (Officer Swan), and Sergeant Clark soon apprehended Moore. Sergeant Clark recovered the pitcher, finding a smoky, white, powdery substance on the inside, later determined to be an active methamphetamine solution.

On August 10, 2006, the State filed an Information charging Moore with Count I, dealing in a controlled substance, to-wit: methamphetamine,[1] a Class B felony, I.C. § 35–48–4–2; Count II, possession of anhydrous ammonia, a Class D felony, I.C. § 35–48–4–14.5; and Count III, possession of chemical reagents or precursors with intent to manufacture controlled substances, a Class D felony, I.C. § 35–48–4–14.5. On October 18 and 19, 2006, a jury trial was held. Moore was found guilty on all three Counts. On November 27, 2006, the trial court sentenced Moore to consecutive sentences of fifteen years for dealing in methamphetamine, and a year-and-a-half for possession of anhydrous ammonia. In addition, the trial court sentenced Moore to a concurrent year and a half for possession of chemical reagents or precursors. On December 19, 2006, Moore filed a Motion to Correct Error, alleging that a witness to his defense was not properly subpoenaed prior to trial. On December 20, 2006, the trial court denied the motion.

Moore now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. Motion to Correct Error

 We first address Moore's contention that the trial court improperly denied his Motion to Correct Error, which alleged that the Gibson County Sheriff's Department failed to timely serve a subpoena on a potential defense witnesses. A trial court has discretion to grant or deny a motion to correct error and we reverse its decision only for an abuse of that discretion. *Roberts v. State*, 854 N.E.2d 1177, 1178 (Ind.Ct.App.2006), *trans. denied.* An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law. *Id.*

 Here, Moore asserts that after trial, his counsel learned that a subpoena issued to Casey Winters (Winters), was never served. According to Moore, Winters had stated in an affidavit that he was a witness to the events in question. However, in his appellate brief, Moore offers no legal support for this argument. Indiana Appellate Rule 46(A)(8) requires

---

1. Moore and the State refer to Count I as "manufacture of a controlled substance," as stated in the Information. (Appellant's App. p. 408). However, for clarity, we title the charge "dealing in a controlled substance," as exemplified in the language of I.C. § 35–48–4–2.

that each of the appellant's arguments be supported by coherent reasoning, and include citations to the authorities, statutes, and the appendix or parts of the record relied upon. Consequently, Moore has waived this issue for our review. Waiver notwithstanding, we note that in our review of the record, the subject of Winters can be found nowhere. As for defense witnesses, the record shows that subpoenas were issued only to Cashin and to Joshua Kenworthy. Thus, it appears to us that knowledge of Winters' existence came too little and too late in this case. Accordingly, we conclude that the trial court properly denied Moore's Motion to Correct Error.

## II. *Sufficiency of the Evidence*

Next, we address Moore's assertion that the State failed to present sufficient evidence to convict him of dealing in methamphetamine. Specifically, Moore claims the conviction is improper because no pure methamphetamine was found in the pitcher recovered by Sergeant Clark. Both parties agree that for methamphetamine to have been manufactured, Moore would still have had to extract the methamphetamine from the substance found in the pitcher and then allowed it to dry.

■■■ Our standard of review for a sufficiency of the evidence claim is well settled. In reviewing sufficiency of the evidence claims, we will not reweigh the evidence or assess the credibility of the witnesses. *Cox v. State,* 774 N.E.2d 1025, 1028–29 (Ind.Ct.App.2002). We will consider only the evidence most favorable to the judgment, together with all reasonable and logical inferences to be drawn therefrom. *Alspach v. State,* 755 N.E.2d 209, 210 (Ind.Ct.App.2001), *trans. denied.* The conviction will be affirmed if there is substantial evidence of probative value to

support the conviction of the trier of fact. *Cox,* 774 N.E.2d at 1028–29.

■■■ A person who knowingly or intentionally manufactures a controlled substance, pure *or adulterated,* commits the crime of dealing in a schedule I, II, or III controlled substance. I.C. § 35–48–4–2. "Manufacture" is defined by I.C. § 35–48–1–18, in pertinent part, as "the production, preparation, propagation, compounding, conversion, or processing of a controlled substance, either directly or indirectly by extraction from substances of natural origin, independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis." Therefore, here, the State was required to prove beyond a reasonable doubt that Moore knowingly or intentionally produced, prepared, propagated, compounded, converted, or processed methamphetamine. We believe the State met this burden. Although the evidence clearly shows that Moore had not yet produced pure methamphetamine, testimony by Indiana State Police Trooper Bill Bowles reflects that methamphetamine was extracted from the substance in the pitcher. Therefore, we conclude the evidence presented by the State is sufficient to establish beyond a reasonable doubt that Moore was in the process of manufacturing methamphetamine. *See Bush v. State,* 772 N.E.2d 1020, 1022 (Ind.Ct.App. 2002), *trans. denied* (State presented evidence sufficient to sustain conviction when State's expert testified that the process of making methamphetamine had begun, but had not been completed). Accordingly, we affirm this conviction.

## III. *Double Jeopardy*

Finally, Moore argues, in effect, that his conviction on all three Counts violates federal and state prohibitions against double jeopardy. Specifically, Moore contends that Count II, possession of anhydrous

ammonia, and Count III, possession of reagents or precursors, are lesser-included offenses of Count I, dealing in methamphetamine. We agree, and the State concedes.

 The Fifth Amendment double jeopardy clause of the United States Constitution states that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." *Richardson v. State*, 856 N.E.2d 1222, 1230 (Ind. Ct.App.2006), *trans. denied.* There are three protections in the double jeopardy clause, one of which is protection against multiple punishments for the same offense. *Id.* In Article I, Section 14, the Indiana Constitution states, "No person shall be put in jeopardy twice for the same offense." Two or more offenses are the "same offense," if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one charged offense also establish the essential elements of another charged offense. *Id.*

 In the present case, possession of anhydrous ammonia and possession of reagents or precursors is necessarily included in Moore's conviction for dealing in methamphetamine. *See Bush,* 772 N.E.2d at 1023. Under Indiana law, if a defendant is charged with an offense and an included offense in separate counts and is found guilty of both counts, "judgment and sentence may not be entered against the defendant for the included offense." I.C. § 35-38-1-6. A lesser included offense is necessarily included within the greater offense if it impossible to commit the greater offense without first having committed the lesser. *Bush,* 772 N.E.2d at 1023-24. Here, Moore could not have been in the process of manufacturing methamphetamine without possessing anhydrous ammonia and reagents or precursors. In addition, the record reveals no evidence of

independent offenses. As a result, we hold that the trial court erred in entering convictions against and sentencing Moore for these lesser included offenses. We remand with instructions to the trial court to vacate Moore's conviction for possession of anhydrous ammonia, as well as his conviction for possession of reagents or precursors.

## CONCLUSION

Based on the foregoing, we conclude: (1) the trial court did not abuse its discretion in its denial of Moore's Motion to Correct Error; (2) the State presented evidence sufficient to establish that Moore committed the crime of dealing in a controlled substance; and (3) Moore's conviction of Counts II and III violate state and federal prohibitions against double jeopardy; therefore, we direct the trial court to vacate those convictions.

Affirmed in part, reversed in part, and remanded with instructions.

NAJAM, J., and BARNES, J., concur.