**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

FILED
Feb 19 2013, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MEGAN PARKER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1206-CR-327 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
Cause No. 49F10-1012-CM-94259

**February 19, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant-Defendant, Megan Parker (Parker),[1] appeals her conviction for carrying a handgun without a license, a Class A misdemeanor, Ind. Code § 35-47-2-1.

We affirm.

## ISSUE

Parker raises one issue on appeal, which we restate as:   Whether the State presented sufficient evidence beyond a reasonable doubt to support her conviction.

## FACTS AND PROCEDURAL HISTORY

On December 21, 2010, Indianapolis Metropolitan Police Department Officers Scott Nickels (Officer Nickels) and Matthew Addington (Officer Addington) arrested an individual at a gas station in Indianapolis, Indiana.   While the Officers completed the arrest, Parker pulled her vehicle into the gas station and entered the store.   As Officer Nickels was leaving, he ran the license plate of the car driven by Parker and was informed that the vehicle had been reported stolen.   Officer Nickels apprehended Parker as she walked out of the store and took her to the rear of the vehicle where he placed her in handcuffs.   There were four men and one child inside the car; one of the men sat in the front passenger seat while the others were in the backseat.   In addition to the passengers, there were balloons and a birthday cake in the car.

---

[1] We note that the charging Information, the trial court's chronological case history, and the abstract of judgment read "Meggan Parker;" however, the notice of appeal as well as the parties' brief spell the defendant's name as "Megan Parker."

Officer Addington approached the front passenger side of the car and asked the passenger if there were weapons inside the vehicle. When the passenger indicated there was a gun on the floor, the Officer told him to keep his hands on the dashboard. However, the passenger opened the door and the gun fell onto the ground. Officer Addington yelled "gun." (Transcript p. 37). At that point, Parker told the Officers, "[t]he gun is mine, that's mine." (Tr. p. 39).

On December 23, 2010, The State filed an Information charging Parker with carrying a handgun without a license, a Class A misdemeanor, I.C. § 35-47-2-1. On April 11, 2012, the trial court conducted a bench trial. During the trial, Michael Boyer, Parker's friend, testified that he owned the vehicle and had permitted Parker to use it for approximately two years. Kye Jackson (Jackson) testified that on the day of Parker's arrest, he was at Parker's house, waiting to go to a birthday party. He stated that as he was putting the birthday cake and balloons in the car, he opened up the trunk where he noticed the gun with the clip removed. Jackson informed the trial court that although he had been asked to remove the gun from the car and place it in the gun safe inside the house, being in a hurry, he had placed the gun under the front passenger seat instead. Testifying at trial, Parker explained that the gun was in the car because she had recently been to the shooting range and had left the gun in the vehicle. She did not have a valid permit to possess the gun.

At the close of the evidence, the trial court found Parker guilty as charged and ordered her to serve 180 days of probation, followed by 180 days of non-reporting probation as well as participating in a gun safety class as a condition of probation.

Parker now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Parker contends that the State's evidence was insufficient to establish beyond a reasonable doubt that she carried a handgun without a license. Our standard of review for a sufficiency of the evidence claim is well settled. In reviewing sufficiency of the evidence claims, we will not reweigh the evidence or assess the credibility of the witnesses. *Moore v. State*, 869 N.E.2d 489, 492 (Ind. Ct. App. 2007). We will consider only the evidence most favorable to the judgment together with all reasonable and logical inferences to be drawn therefrom. *Id.* The conviction will be affirmed if there is substantial evidence of probative value to support the conviction of the trier of fact. *Id.*

The State charged Parker with carrying a handgun without a license. At the time of Parker's offense,[2] this statute read:

> A person shall not carry a handgun in any vehicle or on or about the person's body, except in the person's dwelling, on the person's property or fixed place of business, without a license issued under this chapter being in the person's possession.

Parker now maintains that the State's evidence was insufficient to establish beyond a reasonable doubt that she constructively possessed the handgun.

We recognize that several cases involving convictions for carrying a handgun which was found in a vehicle have been decided on the grounds of constructive possession. *See, e.g., Henderson v. State*, 715 N.E.2d 833 (Ind. 1999). However, Parker was charged with carrying a handgun in a vehicle without a license. As we have held in

---

[2] The statute was amended on July 1, 2011 and again on February 22, 2012. *See* P.L. 164-2011, § 1 and P.L. 6-2012, § 231.

4

*Thurman v. State*, 793 N.E.2d 318, 320 (Ind. Ct. App. 2003), to establish this offense, the State must prove that a handgun was found in a vehicle and that the defendant had control of either the weapon or the vehicle with the knowledge of the weapon's presence. *See also Klopfenstein v. State*, 439 N.E.2d 1181, 1184 (Ind. Ct. App. 1982). In addition, it must be established that there was an intention to convey or transport the weapon. *Id.* Although the presence of a passenger in a car in which a handgun is being transported is insufficient to find that passenger guilty of carrying a handgun in a vehicle, the driver of the vehicle is in violation of the statute if he conveys a handgun in the vehicle regardless of whether it is on or about his person. *Id.* Knowledge of the presence of the handgun is all that is required. *Id.*

In the case at bar, there is no doubt that Parker was driving the car. When the gun fell out of the car, Parker readily conceded that it was hers. She also admitted to having transported the gun to the shooting range and leaving it in the vehicle. She testified that she did not see anyone removing the gun from the trunk, even though she had requested Jackson to place the gun inside the house's gun safe. Despite Parker's testimony, the trial court found her guilty as charged. Therefore, we conclude that the State presented sufficient evidence beyond a reasonable doubt to find Parker guilty of carrying a handgun without a license. Moreover, finding otherwise would amount to a reweighing of witness' credibility, which we are not allowed to do. *See Moore*, 869 N.E.2d at 492.

## CONCLUSION

Based on the foregoing, we conclude that the State presented sufficient evidence to support Parker's conviction beyond a reasonable doubt.

Affirmed.

BAKER, J. and BARNES, J. concur