**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**GREGORY L. FUMAROLO**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JONATHAN R. SICHTERMANN**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Feb 28 2013, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JOSEPH E. SANDERS, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 02A03-1208-CR-372 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D06-1202-FD-226

**February 28, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Joseph E. Sanders (Sanders), appeals his conviction and sentence for Count I, domestic battery, a Class D felony, Ind. Code § 35-42-2-1.3 and Count II, escape, a Class D felony, I.C. § 35-44-3-5.

We affirm.

## ISSUES

Sanders raises three issues on appeal, which we restate as:

(1) Whether the State presented sufficient evidence beyond a reasonable doubt to support his conviction for domestic battery;

(2) Whether the State presented sufficient evidence beyond a reasonable doubt that Sanders was not acting out of necessity when he fled from home detention; and

(3) Whether his sentence was appropriate in light of his character and the nature of the offense.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the judgment are as follows. On February 12, 2012, Sanders was on home detention for a prior unrelated offense. Around 8:30 p.m., Jasmine Vasquez (Vasquez), together with her three children, visited Sanders' residence at 5414 Southern Court, Lot 3, in Fort Wayne, Indiana. Sanders is the father of Vasquez's two youngest children. As part of Sanders' home detention conditions, Vasquez was not allowed to be in his residence.

2

After Vasquez entered the trailer, she and Sanders put the groceries away, ate dinner, and put the children to bed. Around 11:00 p.m., Vasquez wanted to go to sleep but Sanders became angry because Vasquez's oldest child, four-year-old T.V., was still up watching television. Vasquez and Sanders argued and Vasquez threw Sanders' landline telephone against the wall, breaking it. After that, the argument escalated. Vasquez attempted to leave the trailer, but Sanders did not let her. Trying to put distance between them, Vasquez went into the kitchen area while Sanders was in the hall and T.V. was sitting on the couch where she could see everything. Sanders approached Vasquez and hit her with a closed fist. Standing behind her and holding her hair, Sanders continued to hit Vasquez three to four more times. He also choked her, struck her right eye and the right side of her face multiple times. Fearing for her life, Vasquez picked up a clothes iron and swung it over her shoulder, hitting Sanders above the right eye. Thereafter, the fight intensified.

When Sanders stopped, Vasquez sat on the floor in a daze. She tried to take her cell phone from Sanders but she failed. After a second attempt at getting her phone, Vasquez opened the front door of the trailer and called out for her stepfather, who lived next door. However, Sanders grabbed her and pulled her back inside. At that point, Vasquez was able to get her cell phone from Sanders and she dialed 911. Because Vasquez's stepfather had heard Vasquez scream out at him for help, he went over to the trailer. When he arrived, he saw Vasquez with a bloody face. Sanders told him, "I'm sorry [] for what I did." (Transcript p. 108). Sanders then left even though he did not have permission to leave the trailer that night.

3

Police officers spotted Sanders about two blocks from the trailer. He was walking south, looked at the police car, appeared to see it, but made no effort to flag it down. When the police officer exited his car, Sanders turned toward him, pounded his chest, and yelled, "yeah, I'm the one you're looking for." (Tr. p. 143). He ran to the officer, but initially failed to stop even though the officer ordered him to. The officer handcuffed Sanders and noticed that he was sweating profusely as though he had been running.

After officers arrived at the trailer, Vasquez went to the hospital. She had a large swollen area near her right eye, a laceration on her forehead, and dried blood on her face. She felt lightheaded and had trouble seeing because her eye was nearly swollen shut. She received four stitches to close the laceration.

On February 16, 2012, the State filed an Information charging Vasquez with Count I, domestic battery, a Class D felony, I.C. § 35-42-2-1.3 and Count II, escape, a Class D felony, I.C. § 35-44-3-5. On May 16, 2012, a jury trial was held. At the close of the evidence, the jury found Sanders guilty as charged. On June 11, 2012, during the sentencing hearing, the trial court sentenced Sanders to two years on the domestic battery Count and eighteen months on the escape Count, with sentences to run consecutively.

Sanders now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

I. *Domestic Battery*

First, Sanders contends that the State failed to present sufficient evidence beyond a reasonable doubt to convict him of domestic battery. Our standard of review for a sufficiency of the evidence claim is well settled. In reviewing sufficiency of the evidence

4

claims, we will not reweigh the evidence or assess the credibility of the witnesses. *Moore v. State*, 869 N.E.2d 489, 492 (Ind. Ct. App. 2007). We will consider only the evidence most favorable to the judgment together with all reasonable and logical inferences to be drawn therefrom. *Id.* The conviction will be affirmed if there is substantial evidence of probative value to support the conviction of the trier of fact. *Id.* A conviction may be sustained on the uncorroborated testimony of a single witness or victim. *Baltimore v. State*, 878 N.E.2d 253, 258 (Ind. Ct. App. 2007), *trans. denied.*

To convict Sanders of a Class D felony domestic battery, the State was required to establish that Sanders knowingly or intentionally touched Vasquez, with whom he has a child in common, in a rude, insolent, or angry manner that results in bodily injury and while knowing that a child less than sixteen years of age is present and might be able to see or hear the offense. *See* I.C. § 35-42-2-1.3. Sanders' argument solely focuses on the evidence that he touched Vasquez in a rude, insolent, or angry manner. Specifically, Sanders alludes to a discrepancy between Vasquez's testimony and his, in that Sanders testified that Vasquez incurred her injuries when she fell against the entertainment center. He maintains that the jury unreasonably relied on Vasquez's testimony while it rejected his. However, Sanders' claim amounts to an invitation to reweigh the credibility of the witnesses, which we are not allowed to do. *See Moore*, 869 N.E.2d at 492.

Moreover, Sanders' improper argument aside, the State presented sufficient evidence to support the jury's verdict. At trial, Vasquez informed the jury that Sanders hit her several times with a closed fist. He stood behind her and held her hair as he continued to hit her. Fearing for her life, Vasquez lifted up a nearby clothes iron and hit

5

Sanders above the eye. Sanders merely started to hit her harder and she "just gave up because [she] saw white stars and [she] saw all the blood on [her] face." (Tr. pp. 84-85). Vasquez's brother, who lives next door, testified that he saw Sanders pull Vasquez back inside the trailer when she tried to call her stepfather for help.

Furthermore, the nurse who examined Vasquez at the hospital stated that Vasquez's injuries corroborated Vasquez's version of events. She explained that the injuries were not likely caused by a fall against an entertainment center. According to the nurse, Vasquez's injures required more force than just someone pushing her against the furniture. Likewise, the treating physician's assistant opined that Vasquez's facial lacerations and swelling around the eyes were consistent with having been punched in the face. Accordingly, based on this evidence, the jury could reasonably find that the State presented sufficient evidence to convict Sanders of domestic battery, as a Class D felony.

## II. *Escape*

Next, Sanders concedes that although the State presented sufficient evidence to establish that he escaped from home detention, he argues that he acted out of necessity given the circumstances surrounding the events of that night. Specifically, he asserts that although he left the trailer without permission, he believed that leaving the residence was necessary to prevent greater harm as the argument was escalating and Vasquez's stepfather had arrived. He claims that he was walking towards a nearby gas station from where he could telephone the police because Vasquez has destroyed his landline phone.

Generally, necessity may be an appropriate defense when "under the force of extreme circumstances, conduct that would otherwise constitute a crime is justifiable and

not criminal because of the greater harm which the illegal act seeks to prevent." *Toops v. State*, 643 N.E.2d 387, 389 (Ind. Ct. App. 1994). The traditional elements of a necessity offense include:

> (1) the act charged as criminal must have been done to prevent a significant evil; (2) there must have been no adequate alternative to the commission of the act; (3) the harm caused by the act must not be disproportionate to the harm avoided; (4) the accused must entertain a good-faith belief that his act was necessary to prevent greater harm; (5) such belief must be objectively reasonable under all the circumstances; and (6) the accused must not have substantially contributed to the creation of the emergency.

*Id*. at 390. To negate a claim of necessity, the State must disprove at least one element of the defense beyond a reasonable doubt. *Dozier v. State*, 709 N.E.2d 27, 29 (Ind. Ct. App. 1999). The State may refute a claim of the defense of necessity by direct rebuttal, or by relying upon the sufficiency of the evidence in its case-in-chief. *Id*. The decision whether a claim of necessity has been disproved is entrusted to the fact-finder. *Id*. Where a defendant is convicted despite his claim of necessity, this court will reverse the conviction only if no reasonable person could say that the defense was negated by the State beyond a reasonable doubt. *Id*.

Here, we conclude that the State disproved at least one element of Sanders' necessity defense. The evidence establishes that even though Sanders knew that Vasquez was not allowed in his trailer as a condition of his home detention, he nevertheless let her enter. During the argument that ensued, Sanders escalated the situation by using violence against Vasquez while her minor child was present. Sanders held Vasquez's cell phone, preventing her from calling the police, and the fight only ended when Vasquez's

7

stepfather arrived. As such, Sanders substantially contributed to the creation of the emergency and cannot now rely on the defense of necessity.

### III. *Sentence*

Sanders contends that his three-and-a-half-year sentence is inappropriate considering his character and the nature of the offense. Here, Sanders was convicted of two Class D felonies, which each carry a fixed term of between six months and three years, with the advisory sentence being one and one-half years. *See* I.C. § 35-50-2-7. The trial court sentenced Sanders to consecutive terms of two years on the domestic battery Count and eighteen months on the escape Count. As such, Sanders' sentence falls within the statutory guidelines.

Pursuant to Indiana Appellate Rule 7(B), this court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). A defendant "must persuade the appellate court that his or her sentence has met the inappropriateness standard of review." *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

While Sanders does not contest the imposed sentence with respect to each conviction, he disputes the trial court's imposition of consecutive sentences. He claims

8

that concurrent sentences are more appropriate in light of his character and the nature of the offenses.

With respect to Sanders' character, we note that even though he is only twenty-two years old, Sanders has already amassed an extensive criminal history. As a juvenile, he was adjudicated a delinquent on robbery, which would have been a Class C felony if committed by an adult; possession of marijuana, which would have been a Class A misdemeanor if committed by an adult; and escape, which would have been a Class D felony if committed by an adult. As a juvenile, Sanders violated his probation several times and was reprimanded. As an adult, Sanders has been convicted of dealing in cocaine, a Class B felony, and invasion of privacy, disorderly conduct, and carrying a handgun without a license, Class C misdemeanors.

Turning to the nature of the crime, we note that Sanders violently battered the mother of his two minor sons, while her four-year-old child sat on the couch crying. He not only struck Vasquez in the face with a closed fist, but also choked her, struck her right eye and the right side of her face multiple times. Fearing for her life, Vasquez fought back by picking up a clothes iron and swinging it over her shoulder, hitting Sanders above the right eye. Sanders prevented Vasquez from getting help, pulling her back into the trailer when she opened the front door and yelled for her stepfather. Sanders' battery escalated to the point where Vasquez needed four stitches to close a laceration on her forehead, she felt lightheaded, and had trouble seeing because her eye was nearly swollen shut. After police were on route, Sanders left the trailer in violation of his home detention rules.

In sum, Sanders' violent behavior and disregard for the criminal justice system as is evidenced by his criminal history, warrant the sentence imposed by the trial court. Thus, we cannot conclude that his three-and-a-half-year aggregate sentence is inappropriate in light of his character and nature of the offense.

## CONCLUSION

Based on the foregoing, we conclude that the State presented sufficient evidence beyond a reasonable doubt (1) to sustain Sanders' conviction for domestic battery and (2) to negate his necessity defense. Furthermore, Sanders' sentence is appropriate in light of his character and nature of the offense.

Affirmed.

BAKER, J. and BARNES, J. concur