**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BRIAN J. MAY**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARKUS BURTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A04-1402-CR-92 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable J. Jerome Frese, Judge
Cause No. 71D03-1209-FB-125

**September 4, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Markus Burton ("Burton") was convicted of Burglary, as a Class B felony.[1]  We affirm.

## Issue

Whether the evidence is sufficient to support his conviction for burglary.[2]

## Facts and Procedural History

On November 9, 2011, Mary Ann Norman ("Norman") and her grandson Jason Johnson ("Johnson") locked up and left Norman's home in St. Joseph County to go shopping. When they returned two hours later, Norman's bedroom window was broken and the home

---

[1]  Ind. Code § 35-43-2-1 (2011).

[2]  Burton raises two issues, namely, standing and sufficiency of the evidence.  We conclude the issue of standing has been waived for the reasons set forth below and therefore address only sufficiency.

Burton first presents the following issue for review: "Was the trial courts [sic] ruling based on substantial evidence of probative value to sustain the legal ground relied upon, lack of standing to object by the defendant." (Appellant's Brief 7.)  As best we can discern from his brief, Burton contends that the trial court erred when it found that Burton lacked standing to object to South Bend Police Department Officer Timothy Taylor's ("Officer Taylor") search of Julie Gabaree's ("Gabaree") car.

We use Burton's term "standing" while recognizing that in cases alleging violations of Fourth Amendment rights, the U.S. Supreme Court has abandoned the concept of standing and has determined that "a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." Minnesota v. Carter, 525 U.S. 83, 87-88 (1998).  Article 1, Section 11 of the Indiana Constitution, however, imposes a standing requirement, in which "a defendant must establish ownership, control, possession, or interest in either the premises searched or the property seized." Peterson v. State, 674 N.E.2d 528, 534 (Ind. 1996).  It is unclear whether Burton raises his objection under the Fourth Amendment or Indiana's Constitution, as he cites neither.

Indiana Rule of Appellate Procedure 46(A)(8) requires the appellant to support each of his contentions with cogent reasoning as well as citations to the authorities, statutes, and the appendix or parts of the record on which he relies.  Ind. Appellate Rule 46(A)(8); Moore v. State, 869 N.E.2d 489, 491-92 (Ind. Ct. App. 2007). In addition to Burton's incoherent statement of the issue, Burton cites no authority to support his argument that he had standing to object to Officer Taylor's search of Gabaree's car.  Moreover, even if Officer Taylor should have obtained a warrant, Burton does not identify any evidence that could be suppressed.  Burton thus fails to present a cogent argument that, had the trial court found that Burton had standing, the result of his trial would have been different.  See Wentz v. State, 766 N.E.2d 351, 362 (Ind. 2002).  Accordingly, appellate review of this claim is waived.  Id.

was ransacked. The police were called, and Officer Taylor responded. Norman and Johnson reported that two computers, a cell phone, several pairs of tennis shoes, and some of Norman's jewelry were missing. After Officer Taylor left, Johnson found a cell phone and set of keys that did not belong to Norman or Johnson. Johnson called Officer Taylor, who returned to the house to collect the items.

While waiting for Officer Taylor to arrive, Johnson checked the cell phone's text messages and found several from Gabaree stating "I need my car." (Tr. 60.) Johnson called Gabaree's number and she answered. Gabaree told Johnson that she had been calling and texting the cell phone because she was trying to reach Burton. She stated that she had loaned Burton her maroon Chevy Monte Carlo on November 8, 2011, but he had not yet returned it. When Officer Taylor arrived back at Norman's home, Johnson informed the officer of what he learned from Gabaree. Officer Taylor then took the cell phone and keys.

Using Johnson's description of the vehicle, Officer Taylor located Gabaree's car about two and a half blocks away from Norman's home. He opened the car and searched it for the stolen items, but found nothing. After confirming the car was registered to Gabaree, he and South Bend Police Department Sergeant Mark Szweda ("Sergeant Szweda") returned it to her.

Before the officers left, Gabaree searched the car and found several pieces of jewelry that did not belong to her. Sergeant Szweda took the jewelry to Norman's house. Norman identified the jewelry as hers and produced a mate to one of the earrings found in Gabaree's car.

On September 2, 2012, the State charged Burton with one count of Burglary. Beginning on November 12, 2013, a jury trial was conducted, at the conclusion of which Burton was found guilty. The court sentenced Burton to fourteen years of imprisonment with six years suspended.

**Discussion and Decision**

Sufficiency of the Evidence

Our standard of review for sufficiency of the evidence claims is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence. Id. We will affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." Id. (quoting Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000)). "The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." Id. at 147 (quoting Pickens v. State, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)).

Pursuant to Indiana Code section 35-43-2-1, a person who breaks and enters the dwelling of another person, with intent to commit a felony in it, commits burglary, as a Class B felony. I.C. § 35-43-2-1(1)(B)(i) (2011). Indiana Code section 35-43-4-2 provides that a person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, as a Class D felony. I.C. § 35-43-4-2(a) (2011).

4

The State charged that Burton "did knowingly break and enter the dwelling of Mary Ann Norman, with the intent to commit a felony therein, to wit: theft, that is knowingly exerting unauthorized control over the property of Mary Ann Norman with intent to deprive Mary Ann Norman of any part of the value or use thereof." (Appellant's App. 4.)

The State presented sufficient evidence to permit the jury to find beyond a reasonable doubt that Burton committed the November 9, 2011, burglary of Norman's home. Norman locked her home when she left to go shopping. When she returned, her bedroom window was broken and her home was in disarray. Personal belongings, including pieces of Norman's jewelry, were missing. Norman had not authorized anyone to have or use the jewelry. Norman and Johnson found a cell phone in the home, which Gabaree had repeatedly called and "texted" to reach Burton. In the home, they also found keys to Gabaree's car, which Gabaree testified she had loaned to Burton on November 8, 2011, and he had never returned. Norman's jewelry, including the mate to one of her earrings, was found in the vehicle Burton had borrowed.

Throughout the proceedings, the witnesses who testified to the facts above consistently referred to the events of November 9, 2011. Burton now argues that the evidence is insufficient to support his conviction because the State did not prove that he was in Norman's home on the date of the burglary. Burton directs our attention to the trial testimony of South Bend Police Department Detective Kelly Waite ("Detective Waite"), during which the prosecutor referred to September 9, 2011, not the November 9, 2011,

5

burglary date.[3]  One reasonable explanation for the conflict created by Detective Waite's testimony is that the prosecutor misspoke by referring to September 9, 2011, rather than November 9, 2011.  Nevertheless, to the extent that Detective Waite's testimony conflicts with the other evidence, this court declines to reweigh it.  Drane, 867 N.E.2d at 146.

## Conclusion

We accordingly conclude there was sufficient evidence to sustain Burton's conviction for burglary.

Affirmed.

NAJAM, J., and PYLE, J., concur.

---

[3]  During deliberations, the jury apparently noticed the discrepancy, and sent a note to the court that stated: "Did Markus Burton admit that during his interview with Officer Waite on 9-1-2012 that he was in the house on 11-9-11?"  (Tr. 203.)  After conferring with counsel, the trial court twice brought the jury out and read a brief excerpt of Detective Waite's testimony, which referred to September 9, 2011.  (Tr. 214, 220-21.)  In the transcript of Detective Waite's original testimony, a "(sic)" notation accompanies the September 9, 2011, date. (Tr. 127.)  The rest of the transcript, however, indicates that the jury heard only September 9, 2011.