## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 30 2015, 10:17 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ivan Green, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 30, 2015 <br><br> Court of Appeals Cause No. 49A02-1412-CR-870 <br><br> Appeal from the Marion Superior Court. <br><br> The Honorable Grant Hawkins, Judge. <br><br> Cause No. 49G05-1408-F5-41456 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Ivan Green (Green), appeals his conviction for battery resulting in bodily injury, a Class A misdemeanor, Ind. Code § 35-42-2-1(b)(1).

We affirm.

## ISSUE

Green raises one issue on appeal, which we restate as follows: Whether the State presented sufficient evidence beyond a reasonable doubt to support his conviction for battery resulting in bodily injury.

## FACTS AND PROCEDURAL HISTORY

On August 11, 2014, Gabriela Cozad (Cozad) was drinking coffee on the porch of her home on Grey Street in Indianapolis, Indiana. From her unobstructed vantage point, she noticed a vehicle, with two males and one female, parked in the middle of the street, right in front of her house. She heard people arguing and walked into her front yard. When she entered her front yard, one of the males exited the backseat of the car and told her "to go back in the house." (Transcript p. 59). The male and female remaining in the car continued to argue. Cozad observed that the female, later identified as Natisha Jones

(Jones),[1] was "trying to get the keys" while the male, later identified as Green, "hit her a couple of times with his fists" in her face with "moderate to hard" force. (Tr. p. 62, 63). Jones started screaming "help me." (Tr. p. 64). Cozad described that Green then exited the car, ran around to the passenger side where Jones was sitting, and began choking her "over the console of the car." (Tr. p. 62). As Green walked around the car, Cozad was able to "get a good look at his face" and Cozad recognized Green, as well as Jones, from driving around in the community. (Tr. p. 67). Cozad called law enforcement.

[5] Officer Aaron Helton of the Indianapolis Metropolitan Police Department (Officer Helton) responded to the report of the disturbance. When he arrived in Grey Street, he observed Jones standing next to the vehicle in the middle of the street. Jones appeared "upset" and "angry," and told the officer that she had been "assaulted." (Tr. p. 15). Officer Helton noticed that Jones had "a slightly swollen lip with red marks [] on the bottom of it." (Tr. p. 17).

[6] On September 5, 2014, the State filed an Information, charging Green with Count I, battery resulting in bodily injury to a pregnant woman, a Level 5 felony, I.C. 35-42-2-1(b)(1); Count II, domestic battery, a Level 6 felony, I.C. § 35-42-2-1.3(a); Count III, battery in the presence of a child, a Level 6 felony, I.C. § 35-42-2-1(b)(1); Count IV, domestic battery, a Class A misdemeanor, I.C. § 35-42-2-1.3(a); Count V, battery resulting in bodily injury, a Class A

---

[1] At trial, the State presented evidence that Natisha Jones also used the alias Natisha Harris, which was used to identify her in the charging information.

misdemeanor, I.C. § 35-42-2-1(b)(1). On November 24, 2014, the State dismissed all charges with the exception of Count V, misdemeanor battery resulting in bodily injury. That same day, the trial court conducted a bench trial. At the close of the evidence, the trial court found Green guilty as charged and sentenced him to three hundred sixty-five days with two hundred and seven days suspended.

[7] Green now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[8] Green contends that the State failed to present sufficient evidence to convict him of battery resulting in bodily injury. Specifically, in a one paragraph argument, Green attempts to create doubt about Cozad's testimony, speculating that she merely saw "both parties fighting in front of her home" and what she actually witnessed could well "have been a mutual struggle." (Appellant's Br. p. 7).

[9] Our standard of review for a sufficiency of the evidence claim is well settled. In reviewing sufficiency of the evidence claims, we will not reweigh the evidence or assess the credibility of the witnesses. *Moore v. State*, 869 N.E.2d 489, 492 (Ind. Ct. App. 2007). We will consider only the evidence most favorable to the judgment, together with all reasonable and logical inferences to be drawn therefrom. *Id*. A single eyewitness' testimony is sufficient to sustain a conviction. *Rutherford v. State*, 866 N.E.2d 867, 871 (Ind. Ct. App. 2007). The

conviction will be affirmed if there is substantial evidence of probative value to support the conviction of the trier of fact. *Moore*, 869 N.E.2d at 492.

[10] To convict Green of battery resulting in bodily injury as a Class A misdemeanor, the State is required to establish beyond a reasonable doubt that Green "knowingly or intentionally touch[ed] [Jones] in a rude, insolent, or angry manner [that] result[ed] in bodily injury." *See* I.C. § 35-42-2-1(b). Here, the State presented Cozad's and Officer Helton's testimony at trial to support its charge. Particularly, Cozad testified that she saw Jones and Green argue inside the car. While fighting over the car keys, Green hit Jones a couple of times in her face and then started choking her. After arriving on the scene, Officer Helton observed that Jones was angry and had an injured lip. Both Cozad and Officer Helton identified Green and Jones during the proceedings. Green's claim that Cozad might not have appropriately interpreted what she actually saw on August 11, 2014, amounts to an invitation for this court to reweigh the evidence, which we decline to do. *See Moore*, 869 N.E.2d at 492.

## CONCLUSION

[11] Based on the foregoing, we conclude that the State presented sufficient evidence beyond a reasonable doubt to sustain Green's conviction of battery resulting in bodily injury.

[12] Affirmed.

[13] Bailey, J. and Barnes, J. concur