## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 29 2017, 10:43 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. O'Connor
O'Connor & Auersch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tait Banham,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

November 29, 2017

Court of Appeals Case No.
49A04-1707-CR-1497

Appeal from the Marion Superior Court

The Honorable Grant W. Hawkins, Judge

The Honorable Peggy Hart, Magistrate

Trial Court Cause No.
49G05-1701-F5-1801

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Tait Banham (Banham), appeals his conviction for Count I, battery resulting in bodily injury to a public safety officer, a Level 5 felony, Ind. Code § 35-42-2-1; and Count II, theft, a Class A misdemeanor, I.C. § 35-43-4-2(a).

We affirm.

# ISSUE

Banham presents us with one issue on appeal, which we restate as: Whether the State presented sufficient evidence beyond a reasonable doubt that Banham's actions caused bodily injury to the police officer to sustain his conviction for battery, as a Level 5 felony.

# FACTS AND PROCEDURAL HISTORY

At approximately 2:00 p.m. on October 17, 2016, Cheree Campbell (Campbell), the store manager at the Dollar General on East Washington Street, in Indianapolis, Indiana, noticed Banham and his girlfriend enter the store. "They didn't get a cart or a basket, they grabbed one of [the store's] bags and they were throwing the clothes over them. They were paying more attention to [Campbell]" than to the clothes. (Transcript. p. 68). Suspicious that Banham and his girlfriend might be shoplifting, Campbell called 911 approximately forty minutes after Banham and his girlfriend first entered the store. Campbell waited outside the store and observed that Banham and his girlfriend exited the store without paying for the merchandise.

[5] Patrol Officer Eric Baker with the Indianapolis Metropolitan Police Department (Officer Baker) was informed by dispatch of the possible theft in progress. When Officer Baker arrived at the Dollar General in full uniform, Campbell directed him to Banham and his girlfriend. As the two were getting into their car which was parked in front of the store's entrance, Officer Baker started running towards them and shouted "police" several times until he reached the vehicle. (Tr. p. 30). Banham got into the driver's side of the vehicle, while his girlfriend entered the front passenger's side. Officer Baker approached the vehicle on the passenger's side. At that point, the passenger's side door was still open and Officer Baker positioned himself in the doorway, between the open passenger door and the vehicle. He ordered Banham not to start the car and told both of them to exit the vehicle. Banham and his girlfriend refused to follow Officer Baker's directions.

[6] Instead, Banham put the car in reverse and hit Officer Baker's body armor. Initially, Officer Baker "just felt the pressure of something striking" him. (Tr. p. 40). "[T]he vehicle was powerful so even though the vehicle's not moving extremely fast, [], it was [] enough force on it to where [the officer] could feel it through [his] body armor." (Tr. p. 40). Campbell heard the door "smack[]" the officer. (Tr. p. 80). Officer Baker did not feel the "stinging pain" in his back and right arm until the vehicle was gone. (Tr. p. 41). He just assumed the delayed pain experience was due to "the adrenaline" he experienced while trying to apprehend Banham. (Tr p. 41). After the car exited the parking lot, "narrowly missing running over [Officer Baker's] foot," the stolen items "just

fell out [the vehicle] from the rate of speed the car was moving and the vehicle was turning at the same time[.]" (Tr. pp. 36, 39).

[7] Officer Baker got the vehicle's license plate number and determined that the car belonged to a Monique Annette Banham. Further investigation of the BMV records revealed driver's records containing pictures of Banham, whom the officer recognized as the driver of the vehicle. Banham was subsequently arrested.

[8] On January 13, 2017, the State filed an Information, charging Banham with Count I, battery causing bodily injury to a public safety officer, a Level 5 felony; and Count II, theft, a Class A misdemeanor. On May 11, 2017, Banham waived his right to a jury trial and the case was tried to the bench. At the close of the evidence, the trial court found Banham guilty as charged. On June 14, 2017, Banham was sentenced to three years on the battery conviction and one year on the theft conviction, with sentences to run concurrently.

[9] Banham now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[10] Banham contends that the State failed to present sufficient evidence beyond a reasonable doubt to sustain his conviction for battery causing bodily injury to a public safety officer, a Level 5 felony.[1] Our standard of review for a sufficiency

---

[1] Banham does not challenge his conviction for theft, a Class A misdemeanor.

of the evidence claim is well settled. In reviewing sufficiency of the evidence claims, we will not reweigh the evidence or assess the credibility of the witnesses. *Moore v. State*, 869 N.E.2d 489, 492 (Ind. Ct. App. 2007). We will consider only the evidence most favorable to the judgment, together with all reasonable and logical inferences to be drawn therefrom. *Id.* The conviction will be affirmed if there is substantial evidence of probative value to support the conviction of the trier of fact. *Id.*

[11] To convict Banham of battery causing bodily injury to a public safety officer, as a Level 5 felony, the State was required to establish that Banham "knowingly or intentionally touch[ed] [Officer Baker] in a rude, insolent, or angry manner . . . [and] the offense result[ed] in bodily injury to [Officer Baker] while engaged in [his] official duties." I.C. § 35-42-2-1(c)(1); -(g)(5)(A). For purposes of the offense, bodily injury is statutorily defined as "any impairment of physical condition, including physical pain." I.C. § 35-31.5-2-29.

[12] Focusing on the bodily injury requirement of the charge, Banham now contends that Officer Baker "suffered, at worst, only slight pain which was mild and transitory in nature" and which should not be a sufficient basis on which to elevate the charge to a Level 5 felony. (Appellant's Br. p. 9). To establish battery on a law enforcement officer as a Level 6 felony, it is only necessary to prove a "touching" "in a rude, insolent, or angry manner." *Compare* I.C. § 35-42-2-1(e)(2) *with* I.C. § 35-42-2-1(g)(5)(A). It is exactly this bodily injury requirement that differentiates the Level 5 felony from the Level 6 felony where a public safety official, including a law enforcement officer, is the victim.

In the case at hand, Banham's conduct went beyond the mere touching element of a Level 6 felony. Banham used his vehicle to strike Officer Baker as he was standing in the passenger's side door while attempting to stop Banham and his girlfriend from leaving. Officer Baker testified that, as a result of Banham's actions, he could feel the impact of the car through his body armor and he experienced a stinging pain in his right arm and back.

In reviewing 'bodily injury,' our supreme court focused in *Bailey v. State*, 979 N.E.2d 133, 136 (Ind. 2012), on whether "pain alone—regardless of severity or duration—[is] sufficient to constitute an impairment of physical condition, or must the pain first rise to some unstated level?" The court answered its own question by concluding that "any physical pain is enough to constitute bodily injury." *Id*. By eliciting testimony from Officer Baker that he experienced pain after feeling the pressure of the vehicle through his body armor, the State presented sufficient evidence beyond a reasonable doubt to sustain Banham's conviction.

## CONCLUSION

Based on the foregoing, we hold that the State presented sufficient evidence beyond a reasonable doubt that Banham's actions caused bodily injury to the police officer and we affirm his conviction for battery, as a Level 5 felony.

Affirmed.

Baker, J. and Brown, J. concur